UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID A. POTTS, ET AL.,　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　Plaintiffs,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　:　　CASE NO. 3:09-CV-35(AWT)
　　　　　　　　　　　　　　　　　　:
S-BOX LLC,　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　:
　　　Defendant.　　　　　　　　　　:

RULING ON MOTION TO QUASH

Pending before the court is a Motion to Quash Subpoena filed by non-party Michael K. Kinney, Esq. (Doc. #155.) Oral argument was held on October 26, 2010. The motion is granted in part and denied in part.

Attorney Kinney's motion is granted as to the infringement opinion letter. There is no dispute that the opinion letter is subject to attorney-client privilege and/or work product protection. The plaintiffs argue that the defendant waived attorney-client privilege by asserting an advice-of-counsel defense. "Where . . . a potential infringer has actual notice of another's patent rights, he has an affirmative duty to exercise due care to determine whether or not he is infringing." In re Seagate Tech., LLC, 497 F.3d 1360, 1368 (Fed. Cir. 2007).

> In light of the duty of due care, accused willful infringers commonly assert an advice of counsel defense. Under this defense, an accused willful infringer aims to establish that due to reasonable reliance on advice from counsel, its continued accused activities were done in good faith. Typically,

1

> counsel's opinion concludes that the patent is invalid, unenforceable, and/or not infringed. Although an infringer's reliance on favorable advice of counsel, or conversely his failure to proffer any favorable advice, is not dispositive of the willfulness inquiry, it is crucial to the analysis.

Id. at 1369. Asserting this defense, however, results in a waiver of the attorney-client privilege as to all communications regarding the same subject matter. See In re EchoStar Communs. Corp., 448 F.3d 1294, 1299 (Fed. Cir. 2006). Courts have long recognized the magnitude of the decision to assert an advice of counsel defense: "[P]roper resolution of the dilemma of an accused infringer who must choose between the lawful assertion of the attorney-client privilege and avoidance of a willfulness finding if infringement is found, is of great importance not only to the parties but to the fundamental values sought to be preserved by the attorney-client privilege." In re Seagate Tech., LLC, 497 F.3d 1360, 1369 (Fed. Cir. 2007), quoting Quantum Corp. v. Tandon Corp., 940 F.2d 642, 643 (Fed. Cir. 1991).

The defendant has not pled such a defense, but the plaintiffs argue that one of the defendant's principals, Richard Couch, asserted it during his deposition. The court has reviewed the deposition pages submitted by plaintiffs. The record begins with page 162 of the transcript, where Mr. Couch made statements about the difficulty that he as a layperson has in determining what exactly is covered by a patent and then said "so, going through this process, the person that we would rely on is our patent

attorney"; he proceeded to explain that the interpretation of claims is difficult and described patent law as its own "world" with "a language and a skill and a Dark Art that we don't necessarily understand . . ." (Doc. #163, Transcript 162-64.) In a follow-up question, Mr. Couch was asked whether he meant to say "that your actions are defensible because you look to patent counsel for advice with regard to which way you should turn?" (Id., 166.) Mr. Couch responded, "If we had been told that we were infringing, then we would have stopped– if we had been told that what we were building and what we were doing was wrong, we would have stopped doing a wrongful act." (Id. at 167.)

The court is not persuaded by plaintiff's argument that Mr. Couch actually asserted that he relied on advice of counsel in commencing or continuing allegedly infringing activity. Even if that is a fair interpretation, however, the court is disinclined to find, based solely on this testimony, that the defendant has asserted a defense that waives attorney-client privilege. The record consists of just a few statements made well into a lengthy deposition. The witness is evidently a non-attorney (indeed one who apparently regards patent law as shrouded in mystery) and nothing suggests that he was aware of the potential significance of his rather offhand statements. Given the importance of the attorney-client privilege and the magnitude of a defendant's decision to assert an advice of counsel defense in a patent case,

3

the court declines to infer a waiver of privilege merely from Mr. Couch's ambiguous statements.  See, e.g. Nitinol Med. Tech.s v. AGA Med. Corp., 135 F. Supp. 2d 212, 213-15 (D. Mass. 2000)(where defendant stated in response to an interrogatory that it "relied on the letters written by counsel" and produced the opinion letters, but later stated that it had not yet decided whether to rely on advice of counsel defense, court did not infer waiver but instead required defendant to formally decide whether it intended to rely on the advice of counsel as a claim or defense);  Fuji Photo Film Co. v. Benun, No. 08-1927(SRC), 2008 U.S. Dist. LEXIS 97524, *13-14 (D.N.J. Dec. 1, 2008)(trial testimony that "the first thing we did was to contact the attorneys that the company relied upon and get their opinion as to exactly what we should do and how we should go forward" did not constitute "taking an affirmative step to place the substance of the advice of counsel in issue").  This court, like other courts that have faced claims of waiver under similar circumstances, "sees no benefit in holding [the defendant] to a defense it does not intend to assert at trial." Nitinol, 135 F. Supp. 2d at 215.

As to the remaining requests, the Motion to Quash is denied without prejudice.  Attorney Kinney shall produce all responsive materials as to which there are no claims of privilege or attorney work product.  For any item which he claims is protected by privilege or work product, Attorney Kinney shall produce a

privilege log compliant with Fed. R. Civ. P. 45(d)(2) and D. Conn. L. Civ. R. 26(e). Attorney Kinney must submit to a deposition, but he may refuse to answer questions as necessary to preserve a privilege. See Fed. R. Civ. P. 30(c)(2).

The plaintiff's attorneys shall bear in mind their obligation to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). Counsel are ordered to confer regarding possible arrangements to share the costs of Mr. Kinney's compliance. See, e.g. Wells Fargo Bank, N.A. v. Konover, 259 F.R.D. 206, 207 (D. Conn. 2009)("To determine who should bear the costs, the courts have considered three factors: (1) whether the non-party actually has an interest in the outcome of the litigation; (2) whether the non-party can more readily bear the costs than the requesting party; and (3) whether the litigation is of public importance"). Counsel are also urged to discuss whether the defendant is still reserving its right to assert an advice of counsel defense, such that deferring the deposition would be economical. See, e.g., Brown v. Toscano, 630 F. Supp. 2d 1342 (S.D. Fla. 2008)(requiring defendant to decide by date certain whether to assert advice-of-counsel defense and delaying discovery regarding legal opinions until after that decision had been made).

The Motion to Quash Subpoena, doc. #155, is granted in part and denied in part as set forth herein. This is not a

5

recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Hartford, Connecticut this 10th day of November, 2010.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge